UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN DALE RANDOLPH** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **UNION PACIFIC RAILROAD COMPANY** | * | **MAG. DIVISION:** |
| | * | |
| ******************************************** | | **TRIAL BY JURY** |

## COMPLAINT FOR DAMAGES

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, the Plaintiff, Jonathan Randolph, a person of full age and majority domiciled in Baton Rouge, State of Louisiana, who respectfully represents as follows:

1. This Honorable Court possesses federal question jurisdiction by virtue of 28 U.S.C. § 1331 over Plaintiff's claims against his railroad employer Defendant, Union Pacific Railroad Company ["Union Pacific"], arising under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2. Defendant, the Union Pacific Railroad Company [hereinafter "Union Pacific"], domiciled in Delaware, and headquartered in Omaha, Nebraska engages in interstate commerce as a common carrier by railroad and owns, operates, and maintains equipment, mainline railroad tracks, and a railroad signalization near Hahnville, Louisiana.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, Union Pacific, owns, operates, and maintains equipment, rail yards, and mainline

railroad tracks in this district, resulting in Union Pacific possessing sufficient contact in the Eastern District of Louisiana to establish venue in this Court.

4.     This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff, an electronic technician/inspector, while employed by Union Pacific; the injuries sustained in the line of duty occurred while Plaintiff was engaged in Union Pacific's principal business of transporting freight in interstate commerce.

5.     Defendant, Union Pacific, is liable unto its employee, the Plaintiff, Jonathan Randolph, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.     On or about September 12, 2019 at Milepost 23.3 near Hahnville, Louisiana, Defendant, Union Pacific, instructed Plaintiff to make a repair to the inside of a single signal case on the outside signal house when he was attacked by wasps causing him to slide down an embankment injuring his left knee. This event resulted in surgery for the repair of the medial meniscus to his left knee and injuries to his right knee.

7.     Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker, and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act on September 12, 2019, Plaintiff sustained severe, debilitating injuries to his left knee and right knee.

8.     Plaintiff further avers that Defendant, through their agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or contributing to the

aforementioned injuries and prolonged medical treatment; and the negligence of Union Pacific includes, but is not limited to the following acts to-wit:

A. In that Union Pacific, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

B. In that Union Pacific, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment due to the poor condition of the Signal Case, which it failed to properly seal, allowing wasps to build their nest creating an unsafe work condition where Plaintiff was performing his duties as required by Defendant;

C. In that Union Pacific, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions at the Signal Case and wasp nest of which it knew, or in the exercise of reasonable care, should have known.

D. In that Union Pacific, in violation of its non-delegable duty, failed to maintain the working area and walkway around the signal case which had been washed out and failed to provide a level working area;

E. In that Union Pacific, in violation of its non-delegable duty, assigned Plaintiff to work in a situation or condition which it knew or in the exercise of reasonable care should have known was likely to cause Plaintiff's injury;

F. In that Union Pacific, in violation of its non-delegable duty, allowed unsafe work practices to become the standard work practices;

G. In that Union Pacific failed to exercise due care and caution commensurate with the surrounding circumstances;

      H. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9. Plaintiff demands all damages reasonable in the premises, caused in whole or in part by the negligence of Union Pacific, and specifically itemizes the following damages for which he seeks recovery:

      A. Physical Pain and Suffering, Past and Future;

      B. Mental Pain and Suffering, Past and Future;

      C. Medical Treatment, Past and Future;

      D. Disability, if any;

      E. Loss of Enjoyment of Life;

      F. Past and Future Lost Wages, Earning Capacity and Fringe Benefits;

      G. Unpaid Past and Future Medical Expenses;

10. Plaintiff is entitled to, and demands, a trial by jury.

11. Plaintiff reserves the right to amend his Complaint for Damages, as additional facts become known to him.

WHEREFORE, Plaintiff, Jonathan Randolph, prays that Defendant, Union Pacific Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Jonathan Randolph, and against Defendant, Union Pacific Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

This 17th day of October 2022.

                              **DAVIS, SAUNDERS & MILLER, PLC**

BY:   */s/ Joseph M. Miller*
        **JOSEPH M. MILLER #30636**
        **BENJAMIN B. SAUNDERS #11733**
        450 N. Causeway Blvd., Suite D
        Mandeville, Louisiana 70448
        Telephone: (985) 612-3070
        **Attorneys for Plaintiff, Jonathan Randolph**

**Please Issue Summons:**
Union Pacific Railroad Company
c/o CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816